# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Kathy J. Nelson,**
**Claimant Below, Petitioner**

**v.)**  **No. 25-821**  (JCN: 2022023376)
(ICA No. 24-ICA-503)

**Wayne County Board of Education,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kathy J. Nelson appeals the September 30, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Nelson v. Wayne County Bd. of Educ.*, No. 24-ICA-503, 2025 WL 2807009 (W. Va Ct. App. Sept. 30, 2025) (memorandum decision). Respondent Wayne County Board of Education filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the November 21, 2024, decision of the West Virginia Workers' Compensation Board of Review, which affirmed two orders of the claim administrator. On September 7, 2023, the claim administrator denied the addition of bilateral pulmonary embolism ("PE") to the claim as a compensable condition, and, on November 28, 2023, denied authorization of payment for the claimant's hospitalization to treat PE as not related to the compensable injury. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The claimant asserts that the development of PE was more likely than not to be the result of her shoulder surgery,[2] which required her to remain sedentary during her recovery. Thus, the claimant argues that PE should be added to the claim as a compensable condition and that authorization should be granted for payment of the claimant's hospitalization that was necessary to treat PE. The employer counters by arguing that the preponderance of the medical evidence establishes that PE was most likely due to factors not related to the compensable injury or the

---

[1] The claimant appears by counsel Edwin H. Pancake, and the employer appears by counsel Jeffrey M. Carder.

[2] The claimant, a teacher, injured her right shoulder while lifting heavy boxes in her classroom and underwent a rotator cuff repair.

shoulder surgery it necessitated.[3] Therefore, the employer argues that the ICA did not err in affirming the Board of Review's affirmation of the denial of the addition of PE as a compensable diagnosis and the denial of authorization of payment for the claimant's hospitalization to treat PE.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error regarding the issue on appeal and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 1, 2026**


**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[3] In affirming the claim administrator's denials, the Board of Review found that the weight of the medical evidence indicated that PE was due to the numerous non-compensable factors appearing in the claimant's medical records such the long-term use of oral contraceptives, obesity, and a sprained left ankle. At her deposition, the claimant denied that she sustained a left ankle sprain as reported in the Cabell Huntington Hospital records from May 2023. The claimant admitted to "tweaking" her ankle two weeks before the May 2023 hospital visit. In *Nelson*, the ICA affirmed the Board of Review's decision, deferring to the Board's credibility determinations and weighing of the evidence. 2025 WL 2807009, at *4 (citing *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995)).